Mr. Sam T. Heuer, Attorney at Law Union National Plaza Building 124 W. Capitol, Suite 1650 Little Rock, AR 72201
Dear Mr. Heuer:
You have requested an official Attorney General opinion, pursuant to A.C.A. § 25-19-105(c)(3)(B), a section of the Freedom of Information Act (FOIA), concerning certain records in the possession of the City of Jonesboro that have been requested by the NAACP.
The NAACP has requested the Jonesboro Police Department's internal affairs investigation files over the last two years, and the name and race of each officer who has been discharged from the department during the last two years and the reason for their discharge. You state that you represent Mr. Bob Prater, who was formerly employed by the Jonesboro Police Department, but has been discharged.
I am directed by law to issue my opinion as to whether the custodian's determination regarding the release of the requested records is consistent with the FOIA. A.C.A. § 25-19-105(c)(3)(B). You have not indicated whether the custodian of the records has determined that the requested records should be released. I have also not been provided copies of the records that have been requested. For these reasons, I cannot issue a conclusive opinion concerning this matter. However, I will set forth the pertinent provisions of law, upon the basis of which you will able to determine whether the records that have been requested should be released.
As an initial matter, I must note that the Freedom of Information Act requires the release of records — not "information." That is, the department is not required by the FOIA to provide information by responding to questions, or to compile and create records that do not already exist. See McMahan v. Board of Trustees, 255 Ark. 108,499 S.W.2d 56 (1973); Ops. Att'y Gen. Nos. 98-075; 97-048; WATKINS, THE ARKANSAS FREEDOM OF INFORMATION ACT 81-2 (3rd ed. 1998), and Attorney General Opinions cited therein. Therefore, if the department does not have a record that has compiled the names and races of all officers who have been discharged during the last two years and the reason for their discharge, it is not required to create such a record. It must, however, provide any records already in its possession that are responsive to the request (unless exempt).
The Attorney General has consistently taken the position that internal affairs investigation records involving a specific incident or incidents, and involving specific employees, generally constitute "employee evaluation or job performance" records if they detail actions of employees within the scope of their employment. See, e.g., Ops. Att'y Gen. Nos. 98-296; 97-079; 95-151.
Assuming that the internal affairs investigation files that have been requested by the NAACP do meet this description, their release will be governed by the standards applicable to "employee evaluation or job performance" records.[1]
Under the FOIA, "employee evaluation or job performance records" can be released only if the following three conditions have been met:
 (1) There has been a final administrative resolution of any suspension or termination proceeding;
 (2) The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 (3) There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1).
If the matter of Mr. Prater's termination has proceeded to the EEOC, I will assume that there has been a final administrative resolution of the matter within the Jonesboro Police Department, in which case the first condition stated above has been met. (If, for some reason, there has not yet been a final administrative resolution of the matter by the department, the internal affairs records cannot be released.)
The question of whether the internal affairs records formed the basis for the decision to terminate Mr. Prater is a question of fact to be determined by the custodian of the records, with reference to the particular facts of the case.
The question of whether there is a compelling public interest in the records is also a question of fact, but one that is more difficult to determine. The phrase "compelling public interest" is not defined in the FOIA, nor has the Arkansas Supreme Court judicially defined the phrase. Clearly, whether there is a "compelling public interest" in the release of particular records will depend upon all of the facts and circumstances attendant to the particular case. A leading FOIA commentator has provided some guidelines for determining whether such an interest exists. "The nature of the problem that led to the suspension or termination will undoubtedly bear on the `compelling public interest' question. . . ." WATKINS, The Arkansas Freedom of Information Act (mm Press 3d ed. 1998) at 146. "The public's interest in disclosure is most likely to be compelling when the records reflect a breach of trust or illegal conduct by public employees. . . . However, the mere fact that an employee has been suspended or terminated does not mean that the records should be made public. If that were the case, the `compelling public interest' phrase would be a redundancy. . . ." Id. at 145-46. The status of the employee, or "his rank within the bureaucratic hierarchy," may also be relevant in determining whether a "compelling public interest" exists.Id. at 146-47 (noting that "[a]s a practical matter, such an interest is more likely to be present when a high-level employee is involved than when the [records] of `rank-and-file' workers are at issue.")
If it can be determined factually that each of the three conditions listed above has been satisfied, the internal affairs records can be released.
The foregoing discussion of the applicable law should provide a basis upon which a determination can be made by someone with access to both the records and all the relevant facts as to whether the records requested by the NAACP should be released.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh
[1] If these records do not involve a specific incident or incidents, or detail the actions of specific employees within the scope of their employment, they may not constitute "employee evaluation or job performance" records, and their release will be governed by some other standard, depending upon the contents of the records.